[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10277
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00496-SCB-AEP-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL EUGENE HAMPTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 12, 2014)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Earl Hampton pleaded guilty to conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and aiding and abetting possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and § 846, and 18 U.S.C. § 2. The district court imposed a 360-month sentence on each count to run concurrently. Hampton contends that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. He argues that he should have received a downward variance from the low end of his guidelines range because of his advanced age and health problems and because he is a good role model for his grandchildren.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors.[1] United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence as substantively unreasonable only when we have a "definite and firm conviction that the district court committed a clear error of judgment" and imposed a sentence

---

[1] The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(2). The court must also consider several other factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. Id. § 3553(a)(1), (3)–(7).

2

"outside of the reasonable range of sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).  We ordinarily expect sentences imposed within the guidelines range to be reasonable.  United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011).

Hampton's pre-sentence investigation report calculated his guidelines range as 360 to 720 months imprisonment.[2]  In determining his sentence, the court considered his prior criminal activity, noting that he had dealt drugs most of his life and that he had three prior drug trafficking convictions.  The court also considered the large amount of drugs involved in the case.  The PSR shows that Hampton's codefendant had 482 grams of cocaine in his possession when he was arrested, and Hampton led a drug trafficking ring that acquired and distributed at least 293.5 kilograms of cocaine between 2009 and 2012.

The court rejected Hampton's argument that he should receive a downward variance so that he could be a good influence on his grandchildren.  It noted that he took one of his grandchildren on a drug-buying trip with a firearm in the car.  Among other things, the court found that the public's need for protection from Hampton warranted a sentence within the guidelines range.  Neither his age (58) and health problems nor any potential positive influence as a role model compelled a downward variance.  Hampton's 360-month sentence is substantively reasonable.

---

[2] At the sentence hearing, Hampton withdrew all of his objections to the PSR.

**AFFIRMED.**